UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



-PS-O-

---

JEROME THOMPSON, 08A4742,

      Plaintiff,

  -v-

COMMISSIONER BRIAN FISCHER;
SUPERINTENDENT BRADT of Attica Corr. Fac.;
CAPTAIN ROBINSON Attica Corr. Fac.;
SGT. R. MITCHELL Attica Corr. Fac.;
M.D. CARL J. KOENIGSMANN Deputy
Comm. Chief Medical Officer;
C.O. TOMPOROWSKI; C.O. BOSWORTH;
C.O. MS K. SHEARING; C.O. K. MORRIS;
C.O. M. MASOCCO; C.O. MORDACZ;
MEDICAL STAFF, DOCTOR MS GAFT;
RN HAWELY; D.D.S. HUGHES;
QUARANTINE SGT, check record;
WASSINK, RN and Mr. C.;

      Defendants.

DECISION AND ORDER
12-CV-0475A(M)

---

    Plaintiff, Jerome Thompson, an inmate of the Southport Correctional Facility, has been granted extensions of time to amend his complaint to correct deficiencies as directed in the Court's Order of August 13, 2012 (Docket # 3, attached). Plaintiff filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendants, Corrections Officials and medical staff of Attica Correctional Facility, the Department of Corrections and Community Supervision in Albany, and the Governor of the State of New York, violated his rights when he was harassed and retaliated against, and allowed to be harassed and retaliated against, in response to his

reputation for filing grievances, including by being falsely charged with misbehavior, denied due process at the resulting hearing, subjected to excessive force and denied medical care. Plaintiff was directed to file an amended complaint which the Court could appropriately review to determine if he has stated a claim against each named defendant.

The manner in which the complaint was filed makes it difficult for the Court to review the allegations, and difficult for the defendants to answer the allegations in a manner that can make clear whether they admit or deny the allegations. The documents may have become confused somewhere between plaintiff's submission of the complaint and its review by the Court. Nevertheless, the Court cannot determine from the complaint it has what are plaintiff's claims, against whom, and what are the facts on which he relies. Plaintiff was directed to file an amended complaint in order to make clear what are his claims and allegations, and what are supporting documents. Plaintiff is directed to the Court's Order of August, 2012 for details of the deficiencies. Although some problems were a result of errors within the Court, plaintiff has thus far failed to amend the complaint as directed. Plaintiff's time to amend the complaint as directed is extended to **February 19, 2013.**

Plaintiff is reminded that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

If plaintiff fails to file an amended complaint as directed which can be adequately reviewed by the Court by **February 19, 2013**, the complaint may be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, the instructions for preparing an amended complaint and a copy of Docket # 3 and Docket # 4.

SO ORDERED.

Dated: JAN. 17, 2013
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge