UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JEROME THOMPSON (08-A-4742)    **REPORT AND**
                               **RECOMMENDATION**
                   Plaintiff,

v.                             12-CV-00475(A)(M)

GOVERNOR ANDREW CUOMO;
COMMISSIONER BRIAN FISCHER;
SUPERINTENDENT BRADT of Attica Corr. Fac.;
CAPTAIN ROBINSON Attica Corr. Fac.;
SGT. R. MITCHELL Attica Corr. Fac.;
CARL J. KOENIGSMANN, M.D., Deputy
 Comm. Chief Medical Officer;
C.O. TOMPOROWSKI; C.O. BOSWORTH;
C.O. MS K. SHEARING; C.O. K. MORRIS;
C.O. M. MASOCCO; C.O. MORDACZ;
DOCTOR MS GAFT; RN HAWELY;
D.D.S. HUGHES; RN WASSINK;
QUARANTINE SGT.; and C.O. Mr. C.;

                   Defendants.
_____

Before me are defendants' motion for partial dismissal pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) [21] and plaintiff's motions to withdraw certain defendants [24] and for summary judgment [26]. These motions, being dispositive, have been referred to me by Hon. Richard J. Arcara for a Report and Recommendation [22]. For the following reasons, I recommend that plaintiff's motion to withdraw be granted in part and denied in part, that his motion for summary judgment be denied as premature, and that defendants' motion for partial dismissal be denied as moot.

## BACKGROUND

Plaintiff commenced this action *pro se* pursuant to 18 U.S.C. §1983 alleging excessive force, failure to intervene, due process violations, and deliberate indifference to his medical needs arising from his incarceration at Attica Correctional Facility in 2012.  Amended Complaint [12].  Plaintiff's claims against defendants Andrew Cuomo, Brian Fischer, C.O. Mr. C and D.D.S. Hughes were previously dismissed, without prejudice, pursuant to 28 U.S.C. §1915(e) for failure to state a claim.  August 2, 2013 Decision and Order [14].

## ANALYSIS

**A.     Defendants' Motion for Partial Dismissal and Plaintiff's Motion to Withdraw**

Defendants move for dismissal of the Amended Complaint as against defendants Dr. Koenigsman, Superintendent Bradt, PA Graf, C.O. Morris, C.O. Shearing, C.O. Bosworth, and RN Wassink.  Defendants' Memorandum of Law [21-1], p. 2.  Defendants also move to dismiss the deliberate indifference claim against RN Hawley to the extent it arises from the alleged failure to provide plaintiff with blood pressure medicine.  Id.  According to defendants, plaintiff's remaining claims include "(1) excessive force against Correction Officers Masocco, Tomporowski, and Mordacz; (2) failure to intervene against Sgt. Mitchell; (3) deliberate indifference against RN Hawley based on alleged failure to treat back injury/pain; and (4) denial of procedural due process against Capt. Robinson based on the disciplinary hearing." Id.  Although these claims were not the subject of defendants' current motion, defendants do "not concede that Plaintiff has stated or can prove any of the four remaining claims" Id.

Plaintiff acknowledges that "after investigating [the] cases cited", he "truly agree[s]" with defendants' motion and "agree[s] to dismiss [his] amended complaint" against defendants Dr. Koenigsman, Superintendent Bradt, PA Graf, C.O. Morris, C.O. Shearing, C.O. Bosworth, and RN Wassink [24]. He also seeks the dismissal of defendant Captain Robinson, who had not moved for dismissal, and RN Hawley, who had only moved for the dismissal of those claims arising from the alleged failure to provide plaintiff with blood pressure medicine. Id. Therefore, I recommend that plaintiff's motion to withdraw be granted to the extent it seeks to dismiss the Amended Complaint as against defendants Dr. Koenigsman, Superintendent Bradt, PA Graf, C.O. Morris, C.O. Shearing, C.O. Bosworth, RN Wassink, RN Hawley, and Captain Robinson.

Apart from seeking the dismissal of these defendants, plaintiff's motion also seeks "a trial or settlement of $25,000" [24]. I recommend that plaintiff's request for a settlement be denied, and that his request for a trial be denied as premature, as the remaining defendants have not yet answered the Amended Complaint.

**B.    Plaintiff's Motion for Summary Judgment**

Plaintiff moves for summary judgment against the remaining defendants, arguing that "there is no defense to the cause of action alleged". [26], p. 12 of 26.[1] Alternatively, he requests a "speedy jury trial [for] the early part of the end of January 2014". Id., p. 16 of 26. However, since the remaining defendants have not answered the Amended Complaint, it is

---

[1]    Although plaintiff does not expressly identify which defendants against whom he is seeking summary judgment, I assume that it is only against those defendants he has not agreed to dismiss.

unclear what defenses, if any, to plaintiff's claims may exist.  Therefore, I recommend that this motion be denied as premature, without prejudice to renewal.  *See* Cusamano v. Alexander,  691 F.Supp.2d 312, 321 (N.D.N.Y. 2009) ("Plaintiff's cross-motion for summary judgment is premature because defendants have yet to file an answer to the amended complaint"); Estes-El v. Town of Indian Lake, 954 F.Supp. 527, 538 (N.D.N.Y. 1997) ("With respect to that part of the complaint which the court did not dismiss, summary judgment at this stage of the litigation would be premature in light of the fact that State Trooper Howard has not as yet filed an answer to plaintiff's complaint").

## CONCLUSION

For these reasons, I recommend that plaintiff's motion to withdraw [24] be granted to the extent it seeks to dismiss the Amended Complaint against defendants Dr. Koenigsman, Superintendent Bradt, PA Graf, C.O. Morris, C.O. Shearing, C.O. Bosworth, RN Wassink, RN Hawley, and Captain Robinson, but otherwise be denied, that plaintiff's motion for summary judgment [26] be denied as premature, without prejudice to renewal, and that defendants' motion for partial dismissal [21] be denied, as moot.

Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by March 3, 2014 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)).  Any requests for extension of this deadline must be made to Judge Arcara.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision".  Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.  Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections

Dated: February 14, 2014

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge