UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Jerome Thompson,

                Plaintiff,

                                            ORDER
     v.                                          12-CV-475-LJV-MJR

Governor Andrew Cuomo et al,

                Defendants.

*Pro se* plaintiff Jerome Thompson filed a complaint asserting claims under 18 U.S.C. § 1983. For the reasons that follow, the Court adopts the February 14, 2014 Report and Recommendation (Docket Item 28) and the November 19, 2015 Report and Recommendation (Docket Item 58) of Magistrate Judge Jeremiah J. McCarthy.

## **BACKGROUND**

### **Report and Recommendation dated February 14, 2014**

On December 9, 2013, the defendants moved for "[p]artial dismissal of the Amended Complaint under Fed. R. Civ. P. 12(b)(6)." Docket Item 21 at 1. The next day, the district judge previously assigned to this case, Hon. Richard J. Arcara, referred this case to Judge McCarthy for all pretrial matters, including those that a magistrate judge may hear and determine, pursuant to 28 U.S.C. § 636(b)(1)(A), and those that a magistrate judge may hear and thereafter file a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). Docket Item 22.

Instead of opposing the motion for partial dismissal, the plaintiff submitted a letter, filed on December 23, 2013, in which he agreed that this action should be dismissed against certain defendants (docketed as a motion/request to withdraw certain defendants from this action). Docket Item 24. In that letter, the plaintiff also stated that he did not wish to prolong his case, *see id.,* suggesting that one reason he agreed to the dismissal of certain defendants was to save time. In another attempt to save time, the plaintiff followed up with a motion for summary judgment, Docket Item 26, even though there had not yet been a decision on the defendants' motion for partial dismissal and even though the defendants had not yet answered the complaint.

On February 14, 2014, Judge McCarthy issued a Report and Recommendation, recommending that the plaintiff's "motion to withdraw be granted in part and denied in part, that his motion for summary judgment be denied as premature, and that defendants' motion for partial dismissal be denied as moot." Docket Item 28 at 1. With regard to the substantive issues presented by the three pending motions, Judge McCarthy explained:

> Defendants move for dismissal of the Amended Complaint as against defendants Dr. Koenigsman, Superintendent Bradt, PA Graf, C.O. Morris, C.O. Shearing, C.O. Bosworth, and RN Wassink. [Docket item 21-1 at 2]. Defendants also move to dismiss the deliberate indifference claim against RN Hawley to the extent it arises from the alleged failure to provide plaintiff with blood pressure medicine. *Id.* According to defendants, plaintiff's remaining claims include "(1) excessive force against Correction Officers Masocco, Tomporowski, and Mordacz; (2) failure to intervene against Sgt. Mitchell; (3) deliberate indifference against RN Hawley based on alleged failure to treat back injury/pain; and (4) denial of procedural due process against Capt. Robinson based on the disciplinary hearing." *Id.* Although these claims were not the subject of defendants' current motion, defendants do "not concede that Plaintiff has stated or can prove any of the four remaining claims." *Id.*

> Plaintiff acknowledges that "after investigating [the] cases cited," he "truly agree[s]" with defendants' motion and "agree[s] to dismiss [his] amended complaint" against defendants Dr. Koenigsman, Superintendent Bradt, PA Graf, C.O. Morris, C.O. Shearing, C.O. Bosworth, and RN Wassink [Docket Item 24]. He also seeks the dismissal of defendant Captain Robinson, who had not moved for dismissal, and RN Hawley, who had only moved for the dismissal of those claims arising from the alleged failure to provide plaintiff with blood pressure medicine. *Id.* Therefore, I recommend that plaintiff's motion to withdraw be granted to the extent it seeks to dismiss the Amended Complaint as against defendants Dr. Koenigsman, Superintendent Bradt, PA Graf, C.O. Morris, C.O. Shearing, C.O. Bosworth, RN Wassink, RN Hawley, and Captain Robinson.

Docket Item 28 at 2-3 (alterations to docket citations added).

Judge McCarthy also recommended, among other things, denying the plaintiff's request for a settlement of $25,000 and denying, "without prejudice to renewal," the plaintiff's request for summary judgment. *Id.* at 3-4. Judge McCarthy noted that "the remaining defendants have not answered the Amended Complaint" and found the plaintiff's request for summary judgment to be "premature." *Id.*

The plaintiff requested an extension of time to file objections to the February 14, 2014 Report and Recommendation, and the Court granted that request. Docket Items 31 & 32. On March 7, 2014, the plaintiff filed his objections. Docket Item 33. In those objections, the plaintiff described the state of his health, asked to have an attorney appointed to represent him, and reiterated that he wanted to dismiss the action against Captain Robinson. *See id.* He did not disagree with Judge McCarthy's recommendation to dismiss the complaint against certain defendants. *See id.*

On March 13, 2014, Judge Arcara filed an order adopting the February 14, 2014 Report and Recommendation. Docket Item 34. But on March 26, 2014, the plaintiff filed a document labeled "Supplement Brief Objection to Report and Recommendation."

3

Docket Item 36. Judge Arcara therefore vacated his March 13, 2014 order and directed the defendants to respond to the plaintiff's supplemental brief. Docket Item 37. The defendants did so on April 29, 2014. Docket Item 40.

In the plaintiff's supplemental brief, he expresses the desire to conduct discovery and reach the merits of his case. *See* Docket Item 36. He also explains that his intent in asking for summary judgment was to expedite his case. *See id.* With respect to the dismissal of certain defendants – "the only timely substantive issue" according to the defendants, *see* Docket Item 40 at 2 – the plaintiff continued to consent to the outcome recommended in the February 14, 2014 Report and Recommendation.

### Report and Recommendation dated November 19, 2015

On November 13, 2015, the plaintiff submitted a second motion for summary judgment, as well as a motion for trial by jury. *See* Docket Items 56 & 57. Judge McCarthy then issued a second Report and Recommendation, this one dated November 19, 2015, addressing those motions. Docket Item 58. As Judge McCarthy explained in that Report and Recommendation:

> The primary basis for plaintiff's motions appears to be the lack of progress with his case. *See* [Docket Item 56 at 3] ("After 3 1/2 year[s] I feel I am entitled to a jury trial or a settlement for summary judgment favorable to plaintiff in the amount request[ed]"); [Docket Item 57 at 1] ("Only a trial by jury will rectify this (3 1/2 [year]) travesty of injustice"). To the extent that plaintiff moves for summary judgment [Docket Item 57], it is premature for me to address that motion until the objections to my Report and Recommendation addressing the pending motions, which include defendants' motion for partial dismissal of the Amended Complaint, are resolved.
>
> . . .
>
> For these reasons, I recommend that plaintiff's motions [Docket Items 56 & 57] be denied, without prejudice to renewal.

Docket Item 58 at 2-3 (alterations to docket citations added).

4

The plaintiff sent seven more letters to the Court or court staff following that Report and Recommendation, Docket Items 60, 61, 62, 64, 65, 66 & 67, as well as a "Notice" in which he gave the Court his "consent to move [his] case to the next step." Docket Item 63.  On December 23, 2015, this case was referred to Magistrate Judge Michael J. Roemer in place of Judge McCarthy.  Judge Roemer responded to the plaintiff's "Notice" as follows:

> The Court is in receipt of plaintiff's notice, dated January 10, 2016, in which plaintiff gives the Court his "consent to move [his] case to the next step."  As stated in its prior order [Docket Item 50], the Court will schedule a preliminary pretrial conference and set case management order deadlines upon resolution of plaintiff's objections to the Court's February 14, 2014 Report and Recommendation [Docket Item 28] on defendants' motion to dismiss.

See Docket Item 63 (alterations to docket citations added).

This case was transferred to the undersigned as the assigned United States District Judge on March 7, 2016.[1]

## DISCUSSION

A district court may accept, reject, or modify, in whole or in part, the findings or recommendation of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 require a district court to review the recommendation of a magistrate judge to which no objections are addressed.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

---

[1] This does not impact the referral of this case to Judge Roemer, who continues to be the magistrate judge assigned to this case.

Due to the plaintiff's *pro se* status and the particular procedural posture of this case, the Court has performed a *de novo* review of the parties' submissions relating to the motions addressed in the February 14, 2014 Report and Recommendation and the November 19, 2015 Report and Recommendation.  That *de novo* review included all the plaintiffs' letters in this case.

Based on the Court's *de novo* review, the Court agrees with Judge McCarthy's assessment that the "primary basis for plaintiff's motions appears to be the lack of progress with his case."  That lack of progress also seems to be the basis for many of the plaintiff's letters and the objections that the plaintiff arguably makes to Judge McCarthy's conclusions regarding the motions for summary judgment.  As Judge McCarthy explained, however, the motions clearly were premature.  Although Fed. R. Civ. P. 56(b) states that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery," disputes regarding material facts appear on the face of the plaintiff's motion papers, and those papers are insufficient to establish the plaintiff's entitlement to judgment as a matter of law.  The plaintiff's entitlement to summary judgement may change, of course, after the parties have had an opportunity to conduct discovery.

With respect to the motion for partial dismissal (Docket Item 21) and the plaintiff's own motion/request to withdraw certain defendants from this action, the plaintiff has never objected or disagreed with the substance of the February 2014 Report and Recommendation.  The Court therefore agrees with Judge McCarthy's recommendation that the Amended Complaint be dismissed "as against defendants Dr. Koenigsman,

Superintendent Bradt, PA Graf, C.O. Morris, C.O. Shearing, C.O. Bosworth, RN Wassink, RN Hawley, and Captain Robinson."

The Court also advises the plaintiff that a motion for summary judgment is a dispositive motion that a magistrate judge may not actually decide and that will require further action by the district judge. Filing such motions prematurely could contribute to further delays – the exact opposite of what the plaintiff intends.

For all the above reasons, the Court adopts Judge McCarthy's February 14, 2014 Report and Recommendation (Docket Item 28) and November 19, 2015 Report and Recommendation (Docket Item 58). This should allow the plaintiff's case to proceed with discovery and move toward a disposition.

Accordingly, the plaintiff's motion to withdraw certain defendants (Docket Item 24) is granted in part and denied in part; the plaintiff's motion for summary judgment (Docket Item 26) is denied without prejudice to renewal; the plaintiff's motion for trial by jury (Docket Item 56) is denied without prejudice to renewal; the plaintiff's second motion for summary judgment (Docket Item 57) is denied without prejudice to renewal; and the defendants' motion for partial dismissal (Docket Item 21) is denied as moot, as set forth in the Reports and Recommendations.

IT IS SO ORDERED.

Dated: May 16, 2016
     Buffalo, New York

                                          *s/Lawrence J. Vilardo*
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE