UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| JEROME THOMPSON, 08-A-4742, | 12-CV-0475-LJV-MJR |
| Plaintiff, | CASE MANAGEMENT ORDER |
| v. | |
| SUPERINTENDENT BRADT, of Attica Corr. Fac., | |
| CAPTAIN ROBINSON, Attica Corr. Fac., | |
| SGT. R. MITCHELL, Attica Corr. Fac., | |
| M.D. CARL J. KOENIGSMANN, Deputy Comm. Chief Medical Officer, | |
| C.O. TOMPOROWSKI, | |
| C.O. BOSWORTH, | |
| C.O. MS K. SHEARING, | |
| C.O. K. MORRIS, | |
| C.O. M. MASOCCO, | |
| C.O. MORDACZ, | |
| MEDICAL STAFF, | |
| DOCTOR MS GAFT, and | |
| RN HAWELY, | |
| Defendants. | |

_____

Pursuant to the Text Order referring the above case to the undersigned for pretrial procedures and the entry of a scheduling order as provided in Fed.R.Civ.P. ("Rule") 16(b) and Local Rule 16, and a conference with pro se plaintiff and counsel having been held,

IT IS **ORDERED** that:

1. Compliance with the following initial disclosure requirements, which are similar to and will be governed by Rule 26(a)(1), will be accomplished by no later than **9/1/2016:**

    (a) the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(b) a copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(c) the grievance or other administrative relief sought or obtained by plaintiff for the claims alleged in this action or other documents claimed to be grievances or reasons why a claim was not pursued administratively, or proof that no such grievance or administrative relief was sought;

(d) a copy of the plaintiff's medical records, if the plaintiff's allegations involve his physical condition, provided that the plaintiff's medical records **shall be filed under seal**;

(e) a computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(f) plaintiff's inmate records relevant to this action, including (but not limited to) grievance records, inmate medical records, disciplinary records, housing and placement records, and other administrative records.

(g) Plaintiff shall execute such releases as are necessary to disclose confidential records that are pertinent to plaintiff's claims, such as medical records if the allegations involve plaintiff's physical condition.

2. All motions to join other parties and to amend the pleadings shall be filed no later than **9/15/2016**.

3. All motions to compel shall be filed no later than **9/15/2016**.

4. All fact discovery shall be completed no later than **10/14/2016**. No leave of court is required to conduct plaintiff's deposition. If a discovery dispute arises, the movant must advise the undersigned of the dispute and request a conference by submitting a letter (copying opposing counsel) to the Court as soon as possible and no later than the deadline to complete fact discovery. *See* Rule 16(b)(3)(B)(v). Upon review of the letter, a conference will be scheduled with the parties to attempt to resolve the issue informally. If the dispute is not resolved informally, the parties will be given the opportunity to file a formal motion. This informal discovery dispute resolution process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' positions. Parties do not waive arguments by failing to raise them in their letter submissions.

5. The parties shall identify any expert witnesses and produce their reports pursuant to Fed.R.Civ.P. 26(a)(2) as follows:

(a) plaintiff shall identify any expert witnesses and produce their reports by **10/28/2016**;

(b) defendants shall identify any expert witnesses and produce their reports by **11/10/2016**;

(c) plaintiff shall identify any rebuttal expert witnesses and produce their reports by **11/25/2016**; and

(d) defendants shall identify any rebuttal expert witnesses and produce their reports by **12/9/2016**.

6. All expert depositions shall be completed no later than **12/23/2016.**

7. Pretrial dispositive motions, if any, shall be filed no later than **1/13/2017**. Such motions shall be made returnable before the undersigned. If the dispositive motion is filed against a party who is appearing in this case *pro se*, the moving party must include the Rule 56 Notice to *pro se* litigants, which is available from the Clerk of Court and the Court's website at www. nywd.uscourts.gov.

8. If no pretrial dispositive motions are filed, the parties shall contact the chambers of the Hon. Lawrence J. Vilardo by **1/20/2017** to schedule a trial date.

**No extension of the above deadlines will be granted except upon written application, filed prior to the deadline, showing good cause for the extension. The parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party".** *Parker v. Columbia Pictures Industries*, **204 F.3d 326, 340 (2d Cir. 2000).**

**Plaintiff shall inform the Court of any changes of address. The failure to inform the Court of an address change may result in the dismissal *with prejudice*, of this action, pursuant to Local Civil Rule 5.2(d).**

**SO ORDERED**.

DATED: July 13, 2016
Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge